IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



McKINLEY COLUMBUS JOYNER,

    Petitioner,

v.                                  Civil Action No. 3:17CV100

BERNARD W. BOOKER,

    Respondent.

## MEMORANDUM OPINION

McKinley Columbus Joyner, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4) challenging his convictions in the Circuit Court for the County of Arlington, Virginia ("Circuit Court"). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Joyner has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. What Is Joyner Challenging?

At the outset, the Court notes that Joyner has been convicted of more than one group of sexual crimes involving two women stemming from events on November 4, 2010, making it difficult to discern exactly which convictions he intends to

challenge here.[1] On the standardized form Joyner was required to complete in order to pursue his federal habeas, Joyner indicated that he challenges "CR 11-1277 and CR," with May 29, 2012 as the date of sentencing, a sentence of 57 years, and that he was convicted of "forcible sodomy, abduction with intent to defile, and the use of a firearm during a felony." (§ 2254 Pet. 2.) This corresponds with Case Numbers CR11-1277, CR11-1278, and CR11-1279 in the Circuit Court for the County of Arlington.

1. **Crimes Against A.D.**[2]

On October 17, 2011, a grand jury charged Joyner with forcible sodomy, use or display of a firearm while committing or attempting to commit forcible sodomy or abduction, and abduction with the intent to defile. Commonwealth v. Joyner, No. CR11-

---

[1] Joyner was also indicted for crimes occurring on October 10, 2010, against a third woman, K.G. See Notice and Motion to Sever at 1, Commonwealth v. Joyner, No. CR11-42 (Va. Cir. Ct. filed Oct. 13, 2011). Joyner pled guilty to rape, forcible sodomy, and use of a firearm on January 24, 2012, and the abduction with the intent to defile charge was dismissed. See http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Arlington Circuit Court" from drop-down menu and follow "Begin" button; type "Joyner, McKinley," and then follow "Search by Name" button; then follow hyperlinks for the numbers "CR11000261-00 through CR11000264-00"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." McClain v. Clarke, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted). Joyner does not appear to contest these convictions in his § 2254 Petition.

[2] The Court identifies the two sets of convictions by victim when necessary to differentiate between each.

2

1277, at 1 (Va. Cir. Ct. Oct. 17, 2011); <u>Commonwealth v. Joyner</u>, No. CR11-1278, at 1 (Va. Cir. Ct. Oct. 17, 2011); <u>Commonwealth v. Joyner</u>, No. CR11-1279, at 1 (Va. Cir. Ct. Oct. 17, 2011). On January 19, 2012, a jury found Joyner guilty of forcible sodomy and use or display of a firearm while committing or attempting to commit forcible sodomy or abduction. <u>Joyner</u>, No. CR11-1277, at 1 (Va. Cir. Ct. Jan. 19, 2012); <u>Joyner</u>, No. CR11-1278, at 1 (Va. Cir. Ct. Jan. 19, 2012). The jury was unable to reach a verdict on the abduction with intent to defile count, and the Court granted the motion for a mistrial on that count. <u>Joyner</u>, No. CR11-1279, at 2 (Va. Cir. Ct. Jan. 25, 2012). On January 23, 2012, the jury fixed Joyner's punishment at three years of incarceration for the firearm conviction and six years of incarceration for the forcible sodomy conviction. <u>Joyner</u>, No. CR11-1277, at 1 (Va. Cir. Ct. Jan. 23, 2012); <u>Joyner</u>, No. CR11-1278, at 1 (Va. Cir. Ct. Jan. 23, 2012).

On May 29, 2012, the Circuit Court sentenced Joyner to the nine-year sentence imposed by the jury. See <u>Joyner</u>, No. CR11-1277, at 1 (Va. Cir. Ct. July 2, 2012); <u>Joyner</u>, No. CR11-1278, at 1 (Va. Cir. Ct. July 2, 2012). The Court entered judgment on these two counts on July 2, 2012, and the abduction with the intent to defile count was dismissed. <u>Joyner</u>, No. CR11-1277, at 2 (Va. Cir. Ct. July 2, 2012); <u>Joyner</u>, No. CR11-1278, at 2 (Va.

Cir. Ct. July 2, 2012); Joyner, No. CR11-1279, at 2 (Va. Cir. Ct. July 2, 2012).

Joyner appealed these convictions. On June 17, 2013, the Court of Appeals of Virginia denied his petition for appeal. (ECF No. 13-1, at 1.) On March 26, 2014, the Supreme Court of Virginia refused Joyner's petition for appeal. (ECF No. 13-2, at 2.)[3] On June 13, 2014, the Supreme Court of Virginia denied Joyner's petition for rehearing. (ECF No. 13-2, at 1.)

On the third and fourth pages of his standardized form for his § 2254 Petition, Joyner identifies the Court of Appeals of Virginia case number as "Record No. 1152-12-4" and the United States Supreme Court case number as "Certiorari Number 14-7060." (Id. at 3-4.) Record No. 1152-12-4 does not correspond with the above-described appellate proceedings, which bear the Court of Appeals of Virginia Case Record No. 1153-12-4. (See ECF No. 13-1, at 1; ECF No. 13-2, at 1.) Instead, "Record No. 1152-12-4" stems from a separate set of convictions in the Circuit Court for the County of Arlington, Case Nos. CR11-42, CR11-258, and CR11-259. (ECF No. 13-3, at 1.) Certiorari Number 14-7060 does indeed correspond with a petition for writ of certiorari Joyner filed in conjunction with the crimes against A.D. (See ECF No. 13-5, at 1.) By Order entered January 14, 2015, the Supreme

---

[3] The Court employs the pagination assigned to the exhibits to the Brief in Support of Motion to Dismiss by the CM/ECF docketing system.

4

Court of the United States denied Joyner's petition for a writ of certiorari. (See id.)

### 2. Crimes Against S.P.

For the second group of convictions in the Circuit Court, on January 18, 2011, a grand jury charged Joyner with forcible sodomy. Commonwealth v. Joyner, No. CR11-42, at 1 (Va. Cir. Ct. Jan. 18, 2011). On March 21, 2011, a grand jury charged Joyner with use or display of a firearm while committing or attempting to commit forcible sodomy or abduction, and abduction with the intent to defile. Commonwealth v. Joyner, No. CR11-258, at 1 (Va. Cir. Ct. Mar. 23, 2011); Commonwealth v. Joyner, No. CR11-259, at 1 (Va. Cir. Ct. Mar. 23, 2011).[4] On January 5, 2012, a jury found Joyner guilty of all three counts. Joyner, No. CR11-42, at 1 (Va. Cir. Ct. Jan. 5, 2012); Joyner, No. CR11-258, at 1 (Va. Cir. Ct. Jan. 5, 2012); Joyner, No. CR11-259, at 1 (Va. Cir. Ct. Jan. 5, 2012). On January 6, 2012, the jury fixed Joyner's punishment at five years of incarceration for forcible sodomy, twenty years of incarceration for abduction with the intent to defile, and three years of incarceration for use or display of a firearm while committing or attempting to commit

---

[4] Accompanying the indictments for the Crimes Against S.P., the grand jury also charged Joyner with forcible sodomy, abduction with the intent to defile, and second count of use of a firearm in the commission of a felony involving yet a fourth woman, L.K., that were apparently dismissed. See Notice and Motion for Joinder of Offenses at 1, Commonwealth v. Joyner, No. CR11-42 (Va. Cir. Ct. filed Oct. 18, 2011).

5

forcible sodomy or abduction. Joyner, No. CR11-42, at 1 (Va. Cir. Ct. Jan. 6, 2012); see Joyner, No. CR11-258, at 1 (Va. Cir. Ct. Jan. 12, 2012); Joyner, No. CR11-259, at 1 (Va. Cir. Ct. Jan. 12, 2012).

On May 29, 2012, the same day as Joyner was sentenced for the crimes against A.D., Joyner was also sentenced for the crimes against S.P. The Circuit Court sentenced Joyner to the twenty-eight-year sentence imposed by the jury for the crimes against S.P. See Joyner, No. CR11-42, at 1 (Va. Cir. Ct. July 2, 2012); Joyner, No. CR11-258, at 1 (Va. Cir. Ct. July 2, 2012); Joyner, No. CR11-259, at 1 (Va. Cir. Ct. July 2, 2012). The Court entered judgment on these three counts on July 2, 2012. Joyner, No. CR11-42, at 2 (Va. Cir. Ct. July 2, 2012); Joyner, No. CR11-258, at 2 (Va. Cir. Ct. July 2, 2012); Joyner, No. CR11-259, at 2 (Va. Cir. Ct. July 2, 2012).

Joyner appealed these convictions. On June 17, 2013, the Court of Appeals of Virginia denied Joyner's petition for appeal. (ECF No. 13-3, at 1.) On March 26, 2014, the Supreme Court of Virginia refused the petition for appeal. (ECF No. 13-4, at 2.) On June 13, 2014, the Supreme Court of Virginia denied Joyner's petition for rehearing. (ECF No. 13-4, at 1.)

Because, in the end, it is of no import which set of convictions Joyner challenges because his § 2254 Petition is

untimely, the Court simply assumes that Joyner intends to challenge all five of his convictions here.

B. **Habeas Proceedings**

Initially, Joyner filed no state habeas petition. Instead, on August 11, 2015, Joyner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. Joyner v. Younce, No. 3:15CV468 (E.D. Va. filed Aug. 11, 2015). By Memorandum Opinion and Order entered on March 15, 2016, the Court dismissed without prejudice Joyner's § 2254 petition because he had failed to exhaust available state remedies. Joyner v. Younce, No. 3:15CV468, 2016 WL 1070821, at *2 (E.D. Va. Mar. 15, 2016).

On May 6, 2016, Joyner filed a state habeas petition in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, Joyner v. Younce, No. 160707 (Va. filed May 6, 2016.) On October 18, 2016, the Supreme Court of Virginia dismissed his state habeas petition as untimely. (ECF No. 13-6, at 1.)

On January 25, 2017, Joyner submitted his initial pleading in the present federal habeas proceeding. That submission was a rambling letter accompanied by a mishmash of excerpts of forms, research, prior opinions, and documents from his state court proceedings.[5] By Memorandum Order entered on February 28, 2017,

---

[5] Joyner failed to use the standardized form required for filing a § 2254 petition. Joyner also failed to indicate when he deposited his petition in the institution mail room for

the Court directed Joyner to complete and return the standardized form for filing a § 2254 petition within fifteen days of the date of entry thereof. The Court warned Joyner that the "Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds and supporting facts concisely set forth on this standardized form and any attached pages." (ECF No. 2, at 1-2.) The Court also instructed that "Petitioner may not incorporate other documents by reference." (Id. at 2.) On March 10, 2017, Joyner complied with the Court's directives and filed his § 2254 Petition that is now before the Court. In his § 2254 Petition, Joyner seeks relief on the following ground:[6]

Claim One: "The Constitution require[s] all case files made available to the public after a final

---

mailing to this Court or sign his submission with any date that could possibly correspond with his filing of this action. Thus, the Court must use the date it was received in this Court as the filed date.

[6] Respondent references several other claims that Joyner "appears to raise" in the "pages attached to the form petition." (Br. Supp. Mot. Dismiss 5.) Joyner filed no additional pages listing claims with his form petition that he filed on March 10, 2017. The only document attached was a copy of this Court's Memorandum Opinion and Order from his prior civil action and the decision of the Supreme Court of Virginia on October 18, 2016. The Court has no idea to what document Respondent refers. To the extent that Respondent is referring to some attachment to his initial habeas filing, the Court explicitly stated in the Memorandum Order directing Joyner to file on the standardized form that it would only consider grounds stated on this standardized form and any attached pages. Moreover, because Joyner's § 2254 Petition is untimely, the Court need not address the merits of Joyner's claim or claims.

> decision [of] the courts in the U.S.A. Thus opportunity is made public 'facts' that were presented to the jury. The court files did not contain copy of warrant for the 4th, 5th search of my property. Therefore my constitutional right[s] were violated." (§ 2254 Pet. 5.)[7]

For the reasons discussed below, Joyner's § 2254 Petition is untimely and barred from review here.

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Joyner's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State

---

[7] The Court employs that pagination assigned to Joyner's submissions by the CM/ECF docketing system. The Court corrects the spacing and capitalization in quotations from Joyner's submissions.

9

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

#### 1. Crimes Against A.D. Became Final January 12, 2015

Joyner's judgment for the Crimes Against A.D. became final on Monday, January 12, 2015, when the Supreme Court of the United States denied his petition for writ of certiorari. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); see also Clay v. United States, 537 U.S. 522, 527 (2003) (explaining that "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct

review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

### 2. Crimes Against S.P. Became Final September 11, 2014

The Crimes Against S.P. became final on Thursday, September 11, 2014, ninety days after the Supreme Court of Virginia denied Joyner's petition for rehearing, when the time expired for Joyner to petition for writ of certiorari with the Supreme Court of the United States for those convictions. See Clay v. United States, 537 U.S. 522, 527 (2003).

Joyner would have been required to file a § 2254 Petition with claims challenging the Crimes Against S.P. earlier than a § 2254 Petition with claims challenging the Crimes Against A.D. Nevertheless, the Court simply uses the later date of January 12, 2015, when the Crimes Against A.D. became final, as the date on which both of Joyner's convictions became final in state court for the purposes of its statute of limitations analysis. Even with the benefit of the later date of January 12, 2015, Joyner's § 2254 Petition remains untimely, because it was filed more than one year after finality attached.

### C. No Entitlement To Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). Joyner filed his first petition for a writ of habeas corpus pursuant to

11

28 U.S.C. § 2254 in this Court on August 11, 2015. However, Joyner's first federal habeas petition fails to qualify as an "application for State post-conviction or other collateral review" within the meaning of the AEDPA, thus, he lacks entitlement to tolling during the pendency of his first habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (quoting 28 U.S.C. § 2244(d)(2)).

Next, Joyner's state habeas petition filed in the Supreme Court of Virginia on May 6, 2016, also fails to toll the limitations period. This is so because the one-year period in which to file a federal habeas petition had already expired on January 12, 2016. See Deville v. Johnson, No. 1:09CV72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)).

Thus, the limitation period ran from January 12, 2015, and expired on January 12, 2016. Joyner failed to file the present § 2254 Petition until January 25, 2017, more than one year after the expiration of the limitations period. Thus, the statute of limitations bars the § 2254 Petition unless Joyner demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. A generous reading of Joyner's § 2254 Petition suggests that he argues that his circumstances require a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(D).

12

### D. No Entitlement To A Belated Commencement

In support of his belated commencement argument, Joyner states the following: "I am doing this pro se, I am not a[n] attorney therefore I have worked on this given the resources available to me in the prison system. Limited access to law library and mail restrictions required more time to discover the factual predicate of said claims thr[ough] due diligence." (§ 2254 Pet. 13.)

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2244(d)(1)(D) is a fact-specific inquiry unique to each case. See Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Moreover, under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due

diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their legal significance. See Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Here, Joyner states nothing more than the legal standard for § 2244(d)(1)(D). In the absence of a showing that he was unaware of the factual predicate for a particular claim, Joyner's vague statement that the limited prison resources "require[d] more time to discover the factual predicate" (§ 2254 Pet. 13.), fails to provide any refuge from the statute of limitations. See Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.") Joyner also provides no argument that he was reasonably diligent to discover the facts underlying his claim. Accordingly, Joyner cannot rely on § 2244(d)(1)(D) to render his § 2254 Petition timely filed.

Joyner has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[8]

---

[8] Neither Joyner nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(B)-(C) or for equitable tolling.

14

## III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 11) will be granted. The § 2254 Petition will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Joyner is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Joyner and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 27, 2017

15